

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>ERLING S. CALKINS and ELAINE S. CALKINS,<br><br>                    Debtors. | BAP Nos. AZ-20-1059-FLS<br>         AZ-20-1072-FLS<br>         AZ-20-1082-FLS<br>         AZ-20-1252-FLS<br>(Consolidated Appeals) |
| ERLING S. CALKINS,<br>               Appellant,<br>v.<br>COCONINO COUNTY; COCONINO<br>COUNTY PUBLIC HEALTH SERVICES<br>DISTRICT,<br>               Appellees. | Bk. No. 3:13-bk-08354-DPC<br><br>Adv. No. 3:13-ap-00951-DPC<br><br>**MEMORANDUM**[*] |

Appeal from the United States Bankruptcy Court
for the District of Arizona
Daniel P. Collins, Bankruptcy Judge, Presiding

Before: FARIS, LAFFERTY, and SPRAKER, Bankruptcy Judges.

Appellees Coconino County and Coconino County Public Health

Services District (collectively, the "County") hold a judgment against

chapter 11[1] debtors Erling S. Calkins and Elaine S. Calkins arising from

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the

fines for building, health, and safety code violations. After the Calkinses filed their bankruptcy case, the County commenced an adversary proceeding for a determination that its claims were nondischargeable, and the Calkinses filed a counterclaim seeking to avoid the County's liens on their property. Mr. Calkins appeals from five orders that together allowed the County to dismiss its complaint and granted summary judgment for the County on the counterclaim.

All of Mr. Calkins' arguments are completely devoid of merit.

The bankruptcy court did not abuse its discretion in granting the County's motion to dismiss its own adversary complaint under Civil Rule 41(a)(2), made applicable in adversary proceedings by Rule 7041. The court properly found that dismissal of the complaint did not prejudice Mr. Calkins. *See Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) ("The purpose of [Civil Rule 41(a)(2)] is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced or unfairly affected by dismissal." (citations omitted)).

The bankruptcy court did not err when it granted the County summary judgment on Mr. Calkins' counterclaim under Civil Rule 56, made applicable in adversary proceedings by Rule 7056. The only relief

Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

that the counterclaim sought was avoidance of the County's judgment liens. Because the County released those liens, the counterclaim was moot. *See Doe No. 1 v. Reed*, 697 F.3d 1235, 1238 (9th Cir. 2012) (holding that a case is moot where there is no "present controversy as to which effective relief can be granted"). Mr. Calkins apparently wanted the bankruptcy court to rule on other issues, such as the propriety of the state court judgments against him. But his counterclaim did not present those other issues (and he is likely not entitled to relitigate those judgments in any event).

None of his other arguments has any merit. We AFFIRM.